SALDAMANDO, PLAINTIFF AND RESPONDENT, *v.* VALDECILLA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an action for damages for libel.

No. 1026.—Decided February 5, 1914.

COSTS—ATTORNEY'S FEES—LIBEL.—The provisions of section 7 of the Act of February 19, 1902, authorizing the recovery of damages for libel, which section relates to the imposition of costs and attorney's fees to be fixed by the court and included in the judgment, are of a special character and were not repealed by the general provisions of section 327 of the Code of Civil Procedure of 1904 nor by the Act of March 12, 1908, amending sections 327 and 339 of the said code, and therefore should be duly observed.

The facts are stated in the opinion.

*Messrs. M. M. Sama de Altero* and *Francisco Giménez* for respondent.

*Mr. José A. Poventud* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In the present case Luisa Saldamando, *née* de la Fuente, joined by her lawful husband, Roque Saldamando Torre, filed an amended complaint in the District Court for the Judicial District of Ponce on March 3, 1913, against Luisa Valdecilla, *née* Mongil, joining her lawful husband, Bernardo Valdecilla y Córdova, praying that judgment be rendered in her favor and against the defendant for the sum of $25,000 as an indemnity for damages caused the plaintiff by the false and defamatory words contained in an offensive letter which the defendant wrote to the plaintiff.

The fundamental allegations of the complaint may be summarized and reduced to two, as follows:

1. That the defendant sent to the plaintiff a letter written in her own handwriting, which letter is transcribed in said complaint; that said letter contained false and offensive comments regarding the plaintiff and was delivered to a third person, who informed himself of its contents.

2. That by reason of the false and defamatory contents of said letter the plaintiff suffered damages which she lays at the sum of $25,000.

The defendant denied the fundamental allegations of the complaint and alleged on her part that, even supposing the same to be true, the letter was written and delivered in a closed envelope to the plaintiff herself, who is the defendant's cousin, without malice and as an answer to a provoking and offensive letter which the said plaintiff had written to her, the defendant having acted in defense of her own interests in the course of a controversy in which both parties were interested.

The trial having been had, the court found, among other facts, that the defendant gave the letter which originated the action, said letter being in a closed envelope without superscription, to a messenger with instructions to take the same

to the house of the plaintiff; that said letter was not delivered to the plaintiff but to her husband, Roque Saldamando, who informed himself of its contents before the plaintiff had read it, the defendant herself being responsible for this; that the letter is not one of a privileged nature and contains expressions which are false, offensive and defamatory *per se,* addressed by the defendant to the plaintiff without any justifiable reason therefor; that the letter was published by the defendant, and that the damages which said publication may have caused the plaintiff are of a purely nominal character. Wherefore, the complaint was sustained and judgment was rendered that Luisa Mongil de Valdecilla pay to the plaintiff, Luisa de la Fuente de Saldamando, the sum of $1 as damages and $250 as attorney's fees, and the costs and expenses of the suit.

The plaintiff moved for a reconsideration of the said decision as to the part relating to the amount of attorney's fees, praying that said fees be increased to the sum of $1,000, to which the defendant objected and at the same time moved to set aside that part of said judgment which imposed the payment of attorney's fees upon her.

In its ruling on the motion for reconsideration the court allowed the plaintiff the sum of $400 as attorney's fees instead of $250 which it had fixed in its judgment under reconsideration on account of an error in weighing the facts, and on July 31 rendered a new judgment in favor of the plaintiff for the sum of $1 as an indemnity for nominal damages, together with $400 as attorney's fees and the costs and expenses of the suit.

The defendant appealed from the judgment as regards the pronouncement *in which she was adjudged, among other things, to pay $400 as attorney's fees and the costs.*

It is alleged as grounds of the appeal that the Ponce court erred in rendering the pronouncement appealed from, at any rate, in fixing the amount of the attorney's fees and, above all, in fixing said fees in a greater amount than $100, it being

contended in support thereof that section 573 of the Revised Statutes regarding attorney's fees in cases of libel was repealed by the Act of March 12, 1908, amending sections 327 and 339 of the Code of Civil Procedure, which is considered applicable to the case.

The act authorizing civil actions to recover damages for libel and slander was approved on February 19, 1902, and took effect from that date according to the last section thereof.

Sections 7 and 10 of the said act, as appearing in the Spanish text, read as follows:

"*Sección 7.—Si el fallo resultare a favor del demandante, incluyendo las costas y honorarios razonables del abogado de la acusación, que se tasarán por el tribunal, o si el fallo fuese a favor del demandado, y si el tribunal decidiere que la acción fué interpuesta por el demandante sin causa justificada, el fallo incluirá además de las costas, los honorarios del abogado, que se tasarán por el tribunal, y no excederán de ciento cincuenta dollars ($150).*"

"*Sección 10.—Toda ley, parte de ley, orden y parte de orden que se oponga a esta ley, queda por la presente derogada.*"

As the Spanish text of section 7 above quoted is obscure in its terms, we deem it advisable, for the sake of greater clearness, to translate the English text into Spanish. It would read as follows:

"*Sección 7.—Si se dictara la sentencia a favor del demandante se incluirán en ésta las costas y los honorarios razonables de abogado que se fijarán por la corte. Si la sentencia se dictara a favor del demandado y estimara la corte que la acción fué iniciada por el demandante sin haber una causa que la justificara, la sentencia incluirá además de las costas, los honorarios de abogado, los que serán fijados por la corte y no excederán de $150.*"

The law governing costs at the time of the approval of the Act of February 19, 1902, was that prescribed in General Order No. 118 of August 16, 1899, sections 63 and 64 of which provide that the costs shall always be paid by the litigant who loses his case on all points, the court giving an equitable

decision in the matter of costs in other cases; and that by costs are understood lawyer's fees, procurator's fees, indemnities for witnesses and experts, and the legal expenses nec·essarily·incurred as a direct consequence of litigation.

As to taxation of costs, the proceedings established under Title XI of Book I of the Law of Civil Procedure then in force continued to govern, it not having been repealed in this particular by the said General Order.

Section 7 of the Act of February 19, 1902, accepted the general rule in force when it was enacted, to the effect that the imposition of costs should ·include attorney's fees, and only changed the form of its application and ·execution by providing that the fees should be fixed in the judgment.

Later the Code of Civil Procedure, approved March 1, 1904, which took effect on July 1 of the same year, established a new system of procedure. Chapter VI of Title XIII of the said code treats ''of costs'' and, among others, contains section 327 which literally reads as follows:

''Section 327.—The measure and mode of compensation of attorneys and counselors-at-law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided.''

Sections 328 and 330 enumerate the cases in which costs should be allowed to the plaintiff or the defendant according as the one or the other may obtain judgment in his favor, and among those cases are included special proceedings without specifying them. It is to be observed that in no part of our Code of Civil Procedure is there any mention of a civil action to recover damages caused by libel or slander.

The question now presents itself as to whether section 327 did or did not repeal section 7 of the Act of February 19, 1902.

Section 361 of the said Code of Civil Procedure reads as follows:

''All laws, royal decrees, orders, military orders, acts, or parts of acts, inconsistent or in conflict with this code, are hereby repealed.''

As will be seen, section 327 of the Code of Civil Procedure provides in general terms that the payment of attorney's fees shall be left to the agreement, express or implied, of the parties, and therefore the costs cannot be included in the judgment, while section 7 of the Act of February 19, 1902, provides imperatively that in actions to recover damages for libel and slander the party in whose favor judgment is rendered shall recover attorney's fees which shall be included in the judgment; but we do not find that the general provision of the Code of Civil Procedure is in conflict with the special provision of the Act of February 19, 1902, to such an extent that they are irreconcilable nor that the latter was repealed by the former. The intention to repeal is not clearly expressed in the code and implied repeals of acts are not favored by the courts. See the case of *Ex parte Axtmayer*, 19 P. R. R.; 378.

That there is no incompatibility between the two provisions referred to is shown by the fact that the California Code of Civil Procedure, in section 1021 of which attorney's fees are not included as costs, contains, in its section 418, a provision which, if not equivalent, is very similar to section 7 of the Act of February 19, 1902, providing that in an action for libel or slander, when judgment is rendered in favor of the plaintiff, he shall be allowed the sum of $100 as costs for the payment of attorney's fees in addition to the other costs; and when the action is dismissed or judgment is rendered in favor of the defendant, the defendant shall be allowed $100 as attorney's fees in addition to the other costs. If the two provisions referred to exist in the California code, one general and the other special, and both are applicable without being incompatible or in conflict, section 327 of our Code of Civil Procedure of 1904 hereinbefore quoted may well stand as a general provision without repealing section 7 of the Act of February 19, 1902, which contains a special provision.

As section 7 of the said act was not repealed by section 327 of the Code of Civil Procedure, the amendment of said section by Act of March 12, 1908, and the other amendments contained in said act, cannot affect that section.

In rendering its judgment of July 31 of last year adjudging that the defendant pay the costs and attorney's fees of the plaintiff, the lower court acted in accordance with the provisions of section 7 of the Act of February 19, 1902, applicable to the case, and the decision rendered by this court in the case of *Hermida* v. *Márquez,* 19 P. R. R., 444, which was governed by the Act of March 12, 1908, amending sections 327 and 339 of the Code of Civil Procedure, was not applicable.

The court found that the reasonable fees of the attorney for the plaintiff should be fixed at $400, in which it acted within its jurisdiction, and as it has not been shown that the court committed an abuse of discretion, we must consider the said sum to be reasonable, for the lower court which tried and decided the case was in a better position than we are to weigh the extent and character of the professional services rendered by the plaintiff's attorney.

The case of *Martínez* v. *Padilla,* 19 P. R. R., 555, does not favor the contentions of the appellant because, as we have found, the present case is governed by the Act of February 19, 1902, and the Act of March 12, 1908, amending sections 327 and 339 of the Code of Civil Procedure, is not applicable.

The part of the judgment of the lower court appealed from should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.